**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Alan R. Plutzik, Of Counsel (Bar No. 077785)
L. Timothy Fisher, Of Counsel (Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone:  (925) 945–0770
Facsimile: (925) 945–8792

- and -

Lee D. Rudy
Michael J. Hynes
James A. Maro
280 King of Prussia Road
Radnor, PA  19087
Telephone:  (610) 667–7706
Facsimile: (610) 667–7056

*Counsel for Lead Plaintiffs Trueman Parish and Kevin Fennimore*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIANA STATE DISTRICT COUNSEL LABORERS AND HOD CARRIERS PENSION FUND, Derivatively on Behalf of Electronics for Imaging, Inc., *et al.*,<br><br>                              Plaintiffs,<br><br>        v.<br><br>GUY GEHT, *et al.*,<br><br>                              Defendants,<br>                and<br><br>ELECTRONICS FOR IMAGING, INC., a Delaware Corporation<br><br>                         Nominal Defendant. | Case No. C06-7274 EMC<br>(Related Cases)<br><br>(Consolidate case with C07-0698)<br><br><br><br>**STIPULATION AND [P~~ROPOS~~ED] ORDER DISMISSING ACTION WITH PREJUDICE** |

[CAPTION CONTINUES ON NEXT PAGE]

1

TRUEMAN PARISH, *et al.*,

2

Plaintiffs,

3

v.

4

DAN AVIDA, *et al.*,

5

Defendants,

6

and

7

ELECTRONICS FOR IMAGING, INC., a
Delaware Corporation

8

Nominal Defendant.

0698
Case No. c07-0689 EMC
(Related Cases)

(Consolidate case with C06-7274)

9

10   WHEREAS, on November 27, 2006, Plaintiff Indiana State District Counsel of Laborers

11   and HOD Carriers Pension Fund ("Indiana") filed a shareholder derivative action purportedly in

12   behalf of Electronics For Imaging, Inc. ("EFI"), asserting claims against the Defendants.

13   WHEREAS, on December 5, 2006, Defendant Thomas I. Unterberg removed a shareholder

14   derivative action purportedly filed in behalf of EFI, which was filed in the Superior Court of

15   California County of San Mateo by Plaintiff City of Ann Arbor Employees' Retirement System

16   ("Ann Arbor") on November 22, 2006.

17   WHEREAS, on February 2, 2007, Plaintiffs, Trueman Parish ("Parish") and Kevin

18   Fennimore ("Fennimore") (collectively, the "Lead Plaintiffs"), filed a related shareholder action

19   against EFI and certain individual defendants.

20   WHEREAS, by letter dated March 20, 2007, which was filed with the Court, Ann Arbor

21   requested Court approval to withdrew its complaint without prejudice, as well as its Opposition to

22   Defendant Unterberg' Motion to Consolidate All Actions.  On April 3, 2007, the Court entered an

23   Order granting Ann Arbor's request for court approval of voluntary dismissal without prejudice.

24   WHEREAS, on April 12, 2007, the Court entered an order appointing Parish and

25   Fennimore Lead Plaintiffs and Schiffrin Barroway Topaz & Kessler, LLP Lead Counsel.  In

26   addition, the remaining matters were consolidated and a case management order setting a briefing

27   schedule was entered on April 18, 2007 (the "Case Management Order").  In accordance with the

28

1    Case Management Order, Plaintiffs filed their consolidated amended complaint on May 24, 2007

2    (the "Consolidated Complaint").

3            WHEREAS, on July 25, 2007, the Court granted Lead Plaintiffs unopposed motion to stay

4    the proceedings in the above-referenced case in favor of *City of Ann Arbor v. Electronics for*

5    *Imaging, Inc.* (DE CH CA2797-VCL), a similar derivative action pending in the Chancery Court of

6    Delaware (the "Delaware Action").

7            WHEREAS, the Delaware Action has been concluded by means of a settlement, which

8    completely resolved the issues before this Court.  Following notice to shareholders, the Court of

9    Chancery held a hearing on September 4, 2008 to consider the settlement.  Following the hearing,

10   on September 4, 2008, the Court entered an Order and Final Judgment granting final approval of

11   the settlement and dismissing the Delaware Action with prejudice, a copy of which is attached

12   hereto as Exhibit A.  The notice issued to shareholders concerning the settlement stated that the

13   settlement would also lead to the dismissal of the action pending before this Court.  *See* ¶ 18(c), of

14   the Notice, a copy of which is attached hereto as Exhibit B.

15           ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED that this action should

16   be dismissed with prejudice.

17           **IT IS SO STIPULATED.**

18

19   Dated: November 19, 2008                    Respectfully submitted,

20

21                                               SCHIFFRIN BARROWAY
                                                 TOPAZ & KESSLER, LLP

22

23                                               _____
                                                             /s/
                                                 L. Timothy Fisher

24                                               Alan R. Plutzik, Of Counsel (Bar No. 077785)
                                                 L. Timothy Fisher, Of Counsel (Bar No. 191626)
25                                               2125 Oak Grove Road, Suite 120
                                                 Walnut Creek, California 94598
26                                               Telephone:  (925) 945–0770

27

28

1

2    SCHIFFRIN BARROWAY
     TOPAZ & KESSLER, LLP
3    Lee D. Rudy
     Michael J. Hynes
4    280 King of Prussia Road
     Radnor, PA  19087
5    Telephone:  (610) 667–7706

6    *Counsel for Lead Plaintiffs Trueman Parish and Kevin Fennimore*

7

8    DATED: November 19, 2008          WILSON SONSINI GOODRICH & ROSATI

9

10                                        _____/s/_____
                                          Douglas J. Clark (Bar No. 171499)
11                                        Ignacio E. Salceda, (Bar No. 164017)
                                          David L. Lansky (Bar No. 199952)
12                                        650 Page Mill Road
                                          Palo Alto, CA 94304-1050
13                                        Telephone:  (650) 493-9300

14                                        *Counsel for Defendants*

15                      **Attestation Pursuant To General Order 45**

16        I, L.Timothy Fisher, attest that concurrence in the filing of this document has been obtained

17   from the other signatory.  I declare under penalty of perjury under the laws of the United States that

18   the foregoing is true and correct.  Executed this 19th day of November, 2008 at Walnut Creek,

19   California.

20

21                                        _____/s/ L.Timothy Fisher_____

22                      **ORDER**

23        Pursuant to Stipulation, IT IS SO ORDERED.

24

25        Dated: __November 24, 2008__

26                                        United _____

27                                        IT IS SO ORDERED
                                          Judge Edward M. Chen
28

# EXHIBIT A

EFiled: Sep 4 2008 4:14PM EDT
Transaction ID 21360195
Case No. 2797-VCL

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

IN RE:  ELECTRONICS FOR IMAGING, INC. )    Consolidated
SHAREHOLDERS LITIGATION )    C.A. No. 2797-VCL
                               )

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court on *September* 4, 2008,

pursuant to this Court's Order dated *June* 26, 2008 (the "Scheduling Order"), upon a

Stipulation of Settlement (the "Stipulation") filed in the above-captioned Action (the "Action'),

which (along with the defined terms therein) is incorporated herein by reference; it appearing

that due notice of said hearing has been given in accordance with the aforesaid Scheduling

Order; the respective Parties having appeared by their attorneys of record; the Court having

heard and considered evidence in support of the proposed settlement (the "Settlement") set forth

in the Stipulation; the attorneys for the respective Parties having been heard; an opportunity to be

heard having been given to all other persons requesting to be heard in accordance with the

Scheduling Order; the Court having determined that notice to the Class (as defined in the

Stipulation) was adequate and sufficient; and the entire matter of the proposed Settlement having

been heard and considered by the Court:

**IT IS ORDERED, ADJUDGED AND DECREED THIS** 4th **DAY OF**

*September*, **2008 AS FOLLOWS**:

1.    In full compliance with Court of Chancery Rules 23(e) and 23.1, and the

*beginning* requirements of due process on *(or about)* *July* 14, 2008, as directed by the Scheduling Order

EFI mailed the Notice of Pendency of Class and Derivative Action, Proposed Settlement of Class

and Derivative Action, Settlement Hearing and Right to Appear (the "Notice") by first-class mail

to the members of the Class and shareholders of record and has caused publication of the

Summary Notice of Pendency of Class and Derivative Action, Proposed Settlement of Class and

Derivative Action and Settlement Hearing (the "Summary Notice"). Proof of the mailing of the

Notice and the publication of the Summary Notice has been filed with the Court and full opportunity to be heard has been offered to all Parties, the Class and persons in interest.

            2.        Each of the provisions of Court of Chancery Rule 23(a) has been satisfied and the Action has been properly maintained according to the provisions of Court of Chancery Rule 23(b) with respect to the claims asserted on behalf of the Class. Specifically, based on the record of the Action, this Court expressly and conclusively finds and orders that (a) the Class as defined in the Scheduling Order is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the Class, (c) the claims or defenses of the representative party are typical of the claims or defenses of the Class, (d) the representative plaintiffs in the Action ("Plaintiffs") are fairly and adequately protecting and representing the interests of the Class, and (e) the requirements of Court of Chancery Rule 23(b)(1) and (2) are satisfied. The Action is certified as a class action, pursuant to Court of Chancery Rules 23(a), 23(b)(1) and 23(b)(2), without opt out rights, by Plaintiffs on behalf of all persons who (i) owned stock of Electronics For Imaging, Inc. ("EFI" or the "Company") as of April 7, 2003 and continued to hold such stock through May 28, 2003; (ii) owned stock of EFI as of April 12, 2004 and continued to hold such stock through June 3, 2004; and (iii) owned stock of EFI as of April 17, 2006 and who continued to hold such stock through June 7, 2006 (the "Class Period"), including their successors, agents, representatives, heirs, beneficiaries and assigns, excluding, however, Defendants,[1] members of the immediate family of each Individual Defendant, any entity in which any Defendant has a controlling interest, officers and directors of the Company during the Class Period, and the legal representatives, heirs, predecessors, successors and assigns

---

[1] As set forth in the Stipulation, the Defendants are Guy Gecht, Gill Cogan, Jean Louis Gassee, Dan Maydan, Fred Rosenzweig, James S. Greene, Thomas I. Unterberg and Joseph Cutts (collectively the "Individual Defendants") as well as EFI.

of any such excluded party, as well as any person who received misdated options during the Class Period (the "Class").

3.      Due and adequate notice of the proceedings and the proposed Settlement having been provided to the members of the Class and EFI stockholders, and a full opportunity having been offered to them to participate in the Hearing, it is hereby determined that they are bound by the Order and Final Judgment ("Judgment") entered herein.

4.      The Stipulation and the terms of the Settlement as described in the Stipulation and the Notice are hereby approved and confirmed as being fair, reasonable, adequate, and in the best interests of Plaintiff, the Class, the Company and its shareholders; the Parties to the Stipulation are directed hereby to consummate the Settlement in accordance with the terms and conditions set forth in the Stipulation; and the Register in Chancery is directed to enter and docket this Judgment.

5.      In consideration for the releases contained herein, the Individual Defendants:

     (a)      will cause EFI's primary director and officer liability insurer, Columbia Casualty Company ("Columbia"), to pay to the Company the $5 million limit of liability available under the policy issued by it to EFI (Policy Number 267921074), which payment shall be made as directed in the Stipulation; and

     (b)      will pay or cause to be paid to the Company $19 million, which amount may be executed and enforced only against EFI's Excess Insurance Carriers set forth below, who have issued the policies listed below to EFI:

          (1)      Liberty Mutual Insurance Company, Policy Number 192712-015;

3

          (2)     Hudson Insurance Company, Policy Number HN-0303-1663-100205;

          (3)     Old Republic Insurance Company, Policy Number CUG 30162; and

          (4)     Zurich American Insurance Company, Policy Number DOC 9213327 00.

6.     In the event that the Excess Insurance Carriers do not pay EFI as provided for in paragraph 5(b), pursuant to a separate agreement EFI has retained Grant & Eisenhofer, P.A., on a contingency basis, to pursue collection against the Excess Insurance Carriers of the amount set forth in paragraph 5(b) of this Judgment.

7.     Any amounts collected on the Judgment set forth in paragraph 5(b) of this Order shall be remitted to EFI, net of an attorneys' fee and an expense reimbursement that shall be paid to Grant & Eisenhofer, P.A. on such terms as EFI and Grant & Eisenhofer, P.A. have agreed.

8.     Defendants Guy Gecht, Gill Cogan, Jean Louis Gassee, Dan Maydan, Fred Rosenzweig, James S. Greene, Thomas I. Unterberg and Joseph Cutts, and nominal defendant EFI, shall provide all necessary cooperation to EFI and Grant & Eisenhofer, P.A. in the effort to collect on the judgment set forth in paragraph 5(b) of this Order.

9.     All of the Settled Plaintiffs' Claims (as defined below) asserted in the Action on behalf of the Class against Defendants and on behalf of EFI against the Individual Defendants are dismissed on the merits with prejudice against Plaintiffs, all members of the Class, EFI and its shareholders, without costs (except as provided herein with respect to attorneys' fees and expenses).

10. In addition to the foregoing, any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, issues and disputes – whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent – that have been, could have been, or in the future can or might be asserted in the Action, the Federal Action, or in any court, tribunal or proceeding (including, but not limited to any claims arising under federal, state, foreign or common law, including the federal securities laws and any state disclosure law), by or on behalf of Plaintiffs or any member of the Class or EFI, whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity (collectively, the "Releasing Persons") against Defendants or any other Released Persons,[1] which have arisen, could have arisen, or have arisen as of the date of the Stipulation or relate in any manner to the acts, events, facts, matters, transactions, occurrences, statements, representations, misrepresentations or omissions or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Action (the "Settled Plaintiffs' Claims"), are fully, finally and forever compromised, settled, released, extinguished and dismissed with prejudice,

---

[1] "Released Persons" means Defendants or any of their families, parent entities, controlling persons, associates, affiliates or subsidiaries and each and all of their respective past, present or future officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors and assigns, whether or not served with process and whether or not such person appeared in the Action. Released Persons shall also include Columbia and its affiliates, parents, subsidiaries, predecessors, successors, agents, officers, directors, employees, attorneys, reinsurers, representatives and agents, heirs, beneficiaries, and assigns and any person acting on its behalf, but shall expressly exclude EFI's excess director and officer liability insurers (Liberty Mutual Insurance, Hudson Insurance, Old Republic Insurance Company and Zurich American Insurance Company) and their affiliates, parents, subsidiaries, predecessors, successors, agents, officers, directors, employees, attorneys, reinsurers, representatives and agents, heirs, beneficiaries, and assigns and any person acting on their behalf.

5

subject to the terms and conditions set forth herein; provided, however, that the Settled Plaintiffs' Claims do not include any claims to enforce the Settlement or to enforce the Judgment.

11.     Any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, issues and disputes – whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent – that have been, could have been or in the future can or might be asserted in the Action, the Federal Action, or in any court, tribunal or proceeding, under the laws of any jurisdiction, by Defendants, whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity, against Plaintiffs[2] or the members of the Class which have arisen, could have arisen, or as of the date of the Stipulation arise out of or relate in any manner to Plaintiffs' filing, pursuit or settlement of the Action and/or the Federal Action (but excluding any claims to enforce the terms of the Settlement) (the "Settled Defendants' Claims"), are fully, finally and forever compromised, settled, released, extinguished and dismissed with prejudice, subject to the terms and conditions set forth herein.

12.     The Settled Plaintiffs' Claims and the Settled Defendants' Claims are deemed to be released without regard to the subsequent discovery of facts in addition to or different from those which Plaintiffs, members of the Class, EFI and EFI's stockholders, or Defendants, respectively, now know or believe to be true with respect to the subject matter of the

---

[2]     For purposes of this paragraph 8, the term "Plaintiffs" means Denver Employees Retirement Plan and City of Ann Arbor Employees' Retirement System or any of their associates or affiliates and each and all of their respective past, present or future officers, directors, principals, representatives, employees, families, attorneys, financial or investment advisors, insurers, co-insurers and re-insurers, consultants, accountants, commercial bankers, brokers, dealers, advisors or agents, heirs, executors, trustees, members, participants, beneficiaries, personal or legal representatives, estates,

6

Settled Plaintiffs' Claims or Settled Defendants' Claims, even if such facts might have affected

the decision by Plaintiffs, on behalf of the Class, EFI and EFI's stockholders, or Defendants,

respectively, to enter into the Stipulation, and by members of the Class not to object to the

Settlement. Plaintiffs, each member of the Settlement Class, EFI and EFI stockholders, and

Defendants, respectively, shall be deemed to waive any and all provisions, rights and benefits

conferred by any law of the United States or any state or territory of the United States, or

principle of common law, which governs or limits a person's release of unknown claims.

Plaintiffs, on behalf of the Settlement Class, EFI and its stockholders, and Defendants,

respectively, shall be deemed to relinquish, to the full extent permitted by law, the provision,

rights and benefits of § 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR.

In addition, Plaintiffs, on behalf of the Class, EFI and EFI stockholders, and Defendants,

respectively, shall be deemed to waive any and all provisions, rights and benefits conferred by

any law of any state or territory of the United States, or principle of common law, which is

similar, comparable, or equivalent to California Civil Code § 1542, as against each other.

Plaintiffs, on behalf of the Class, EFI and EFI stockholders, and Defendants, respectively, also

shall be deemed to fully, finally and forever settle and release any and all Settled Plaintiffs'

Claims and Settled Defendants' Claims, respectively, known or unknown, suspected or

unsuspected, which now exist, or heretofore existed without regard to Class members', EFI's,

EFI stockholders' or Defendants' subsequent discovery or the existence of facts in addition to or

---

administrators, predecessors, successors and assigns, whether or not served with process and whether or
not such person appeared in the Action.

7

different from those that they now know or believe to be true with respect to the subject matter of the release contemplated by the Stipulation.

13.     Plaintiffs, members of the Class, EFI and EFI stockholders are hereby individually and severally permanently barred and enjoined from instituting, commencing, prosecuting, participating in or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly, representatively, derivatively or in any other capacity, against any of the Released Persons, asserting any claims that are, arise out of, or in any way relate to, Settled Plaintiffs' Claims.

14.     Plaintiffs' Counsel are awarded attorneys' fees and expenses in the amount of $2,961,244.28 and $115,171.42, respectively, which sums the Court finds to be fair and reasonable. EFI shall cause such amounts to be paid in accordance with the terms of the Stipulation.

15.     This Judgment shall not constitute any evidence or any admission or concession, either (i) on the part of Plaintiffs, of the lack of merit of the Action, or (ii) on the part of Defendants, or any of them, of any liability or wrongdoing whatsoever, which is expressly denied and disclaimed by Defendants.

16.     The effectiveness of the provisions of this Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates solely to the issue of Plaintiffs' Counsel's application for an award of attorneys' fees and expenses.

17.     Without affecting the finality of this Order and Final Judgment, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Stipulation and the terms of this Judgment, including the resolution of any disputes that may

8

arise with respect to the effectuation of any of the provisions of the Stipulation, and for the entry

of such further orders as may be necessary or appropriate in administering and implementing the

terms and provisions of the Settlement and this Judgment.

Vice Chancellor Stephen P. Lamb

# EXHIBIT B

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| IN RE: ELECTRONICS FOR IMAGING, INC.<br>SHAREHOLDERS LITIGATION | )   Consolidated<br>)   C.A. No. 2797-VCL<br>) |

### NOTICE OF PENDENCY OF CLASS AND DERIVATIVE ACTION,
### PROPOSED SETTLEMENT OF CLASS AND DERIVATIVE ACTION,
### SETTLEMENT HEARING AND RIGHT TO APPEAR

TO:   1.   ALL CURRENT RECORD OR BENEFICIAL HOLDERS OF ELECTRONICS FOR IMAGING, INC. COMMON STOCK;

2.   ALL RECORD OR BENEFICIAL HOLDERS OF ELECTRONICS FOR IMAGING STOCK WHO HELD SUCH STOCK FROM APRIL 7, 2003 THROUGH MAY 28, 2003;

3.   ALL RECORD OR BENEFICIAL HOLDERS OF ELECTRONICS FOR IMAGING STOCK WHO HELD SUCH STOCK FROM APRIL 12, 2004 THROUGH JUNE 3, 2004; AND

4.   ALL RECORD OR BENEFICIAL HOLDERS OF ELECTRONICS FOR IMAGING STOCK WHO HELD SUCH STOCK FROM APRIL 17, 2006 THROUGH JUNE 7, 2006.

PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF THE LITIGATION REFERRED TO IN THE CAPTION, AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS. IF THE COURT APPROVES THE PROPOSED SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS, REASONABLENESS OR ADEQUACY OF THE PROPOSED SETTLEMENT, AND FROM PURSUING THE SETTLED CLAIMS.

IF YOU HOLD SHARES OF ELECTRONICS FOR IMAGING, INC. COMMON STOCK FOR THE BENEFIT OF OTHERS, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNERS.

### THE PURPOSE OF THIS NOTICE

1.   The purpose of this Notice is to inform you of a proposed settlement (the "Settlement") of the above-captioned Action (as defined below) and of a hearing to be held before the Delaware Court of Chancery (the "Court"), in the New Castle County Courthouse, 500 North King Street, Wilmington, Delaware 19801, on September 4, 2008, at 11:00 a.m., (the "Final Approval Hearing"). The purpose of the Final Approval Hearing is to determine: (a) whether the Court should certify the Action as a class action on behalf of all persons who: (i) owned stock of Electronics For Imaging, Inc. ("EFI" or the "Company") as of April 7, 2003 and continued to hold such stock through May 28, 2003; (ii) owned stock of EFI as of April 12, 2004 and continued to hold such stock through June 3, 2004; and (iii) owned stock of EFI as of April 17, 2006 and who continued to hold such stock through June 7, 2006 (the "Class Period") (including their successors, agents, representatives, heirs, beneficiaries and assigns, excluding, however, Defendants, members of the immediate family of each Individual Defendant, any entity in which any Defendant has a controlling interest, officers and directors of the Company during the Class Period, and the legal representatives, heirs, predecessors, successors and assigns of any such excluded party, as well as any person who received misdated options during the Class Period (the "Class"); (b) whether the Court should approve the Settlement pursuant to Court of Chancery Rules 23 and 23.1 as substantively and procedurally fair, reasonable, adequate and in the best interests of the Class, EFI and its shareholders; (c) whether the Court should enter an Order and Final Judgment ("Judgment") dismissing the class and derivative claims asserted in the Action on the merits and with prejudice as against the named Plaintiffs, the Class and current EFI common stockholders; (d) if the Court approves the Settlement and enters such final judgment, whether the Court should grant the application of Plaintiffs' Counsel (defined below) for an award of attorneys' fees and expenses to be paid by EFI; and (e) such other matters as may properly come before the Court.

2.   The Court may adjourn or continue the Final Approval Hearing without further notice. The Court may also approve the Settlement with or without modifications, enter its Judgment dismissing the Action on the merits and with prejudice, and approve the payment of attorneys' fees and expenses without further notice.

THIS NOTICE SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES BY ANY OF THE PARTIES. IT IS BASED ON STATEMENTS OF THE PARTIES AND IS SENT FOR THE SOLE PURPOSE OF INFORMING YOU OF THE EXISTENCE OF THIS ACTION AND OF A HEARING ON A PROPOSED SETTLEMENT SO THAT YOU MAY MAKE APPROPRIATE DECISIONS AS TO STEPS YOU MAY WISH TO TAKE IN RELATION TO THIS LITIGATION.

### NOTICE TO PERSONS OR ENTITIES HOLDING OWNERSHIP
### ON BEHALF OF OTHERS

Brokerage firms, banks and/or other persons or entities who held shares of EFI common stock at any time between and including April 7, 2003 and the date of this Notice for the benefit of others are requested to immediately send this Notice to all of their respective beneficial owners. If additional copies of the Notice are needed for forwarding to such

beneficial owners, any requests for such additional copies or provision of a list of names and mailing addresses of beneficial owners may be made to Gilardi & Co. LLC, Notice Administrator, P.O. Box 5100, Larkspur, CA 94977-5100, telephone: 1-800-447-7657.

### BACKGROUND AND DESCRIPTION OF THE LITIGATION

3.     On March 15, 2007, plaintiff Denver Employees Retirement Plan ("Denver") filed a shareholder's derivative and class action complaint in the Delaware Court of Chancery, Case No. 2797-VCL (the "Action"). The Action alleged that the Company's 2003, 2004 and 2006 proxy statements contained false and misleading statements that stock options had been granted with exercise prices no less than fair market value on the date of grant, when in reality many of those option grants were backdated.  As a result of these allegedly false and misleading statements, the EFI Board obtained shareholder approval for the addition of a total of 9.2 million shares to the Company's equity compensation plans. The Action further alleged that from at least 1996 through 2003, the Board had improperly manipulated stock option grants to certain of its current or former directors, senior officers and other employees by causing options to be awarded with exercise prices that were below the fair market value of the Company's common stock on the date of grant, resulting in the unjust enrichment of the corporate executives and rendering the financial disclosures contained in the Company's 2002, 2003 and 2005 Forms 10-K materially false and misleading.

4.     On April 4, 2007, Defendants moved to dismiss the Action or, in the alternative, to stay the action in favor of the Federal Action[1] (the "Motion to Dismiss").

5.     On April 9, 2007, the City of Ann Arbor Employees' Retirement System ("Ann Arbor") filed a shareholder's derivative and class action complaint in the Delaware Court of Chancery, Case No. 2869-VCL.  That action was consolidated into the Action by Order of the Court on May 9, 2007, and the complaint filed by Denver was deemed the operative complaint for purposes of the consolidated action.  The Court appointed Denver and Ann Arbor as lead plaintiffs ("Plaintiffs") in the consolidated action and appointed Grant & Eisenhofer P.A. as lead counsel ("Plaintiffs' Counsel") in the consolidated action.

6.     On June 29, 2007, EFI issued a press release announcing that a special committee of the EFI Board charged with investigating allegations of backdating concluded that EFI "lacks contemporaneous evidence supporting a substantial number of the 867 recorded option grants made between 1992 and 2006." Specifically, the special committee found:

> That a substantial number of the grants to existing officers, directors, and employees were priced on dates coinciding with the low EFI stock price for the month, and, in some instances, the quarter. Information collected during the investigation suggests that, prior to 2004, many such option grants were priced with the benefit of a look back at historical stock prices, with such look back ranging up to several weeks.  The special committee concluded that work pertaining to, among other things, the allocation of certain options granted from 1994 through 2005 was not commenced and/or finalized until after the option grant dates recorded in EFI's books.

7.     On July 2, 2007, Plaintiffs moved for a preliminary injunction enjoining EFI and its officers, directors, employees and agents from allowing the exercise of certain stock options and making any further option grants under the 1999 Equity Incentive Plan and 2004 Equity Incentive Plan.  On August 7, 2007, the Court of Chancery heard oral argument on Plaintiffs' motion for a preliminary injunction.  At the hearing, the Court secured Defendants' agreement that no further option grants from the 1999 Equity Incentive Plan or the 2004 Equity Incentive Plan would be made until the Court ruled on the motion for preliminary injunction.  The Court also recommended that Defendants amend their briefing in support of their Motion to Dismiss to reflect the information conveyed in the June 29, 2007 press release announcing the special committee's findings.

8.     On August 16, 2007, the Board agreed to a Court-annexed mediation of the claims in the Action and, pending resolution of the mediation, the Board decided that the Company would not grant any further options pursuant to the 1999 Equity Incentive Plan or the 2004 Equity Incentive Plan.

9.     On August 29, 2007, the parties to the Action filed a joint petition to refer the case to voluntary mediation pursuant to Delaware Court of Chancery Rule 174(c).

---

[1]     Certain of the allegations that are the subject of the Action were originally made by plaintiff Ann Arbor in a complaint filed in California state court on November 22, 2006 (the "California Action").  On December 5, 2006, a defendant in the California Action filed a notice of removal of the California Action to the United States District Court for the Northern District of California, where another similar derivative action was already pending, entitled *Indiana State District Council of Laborers & Hod Carriers Pension Fund v. Gecht et al.*, Case No. C-06-7274 (EMC) ("*Hod Carriers*").  A virtually identical action was subsequently filed in the United States District Court for the Northern District of California and was consolidated with the *Hod Carriers* action for all purposes as *In re Electronics for Imaging, Inc. Derivative Litigation*, Master File No. C-06-7274 (EMC) (the "Federal Action").  The Federal Action remains pending, but has been stayed in deference to the above-captioned litigation.

10.   On October 19, 2007, the Company filed its Form 10-K for the period ended December 31, 2006 with the United States Securities and Exchange Commission. In that Form 10-K, the Company restated certain consolidated financial statements and related disclosures for fiscal years ended December 31, 2005, 2004, 2003 and 2002 (the "Restatement"). The Form 10-K states that the Company found, among other things:

> that grants to newly-hired employees, dated April 1994 through October 2003, were typically priced with an effective date coinciding with a low stock price for a given period. The [Company] found that a substantial number of the grants to existing officers, directors and employees were priced on dates coinciding with our low stock price for the month, and, in some instances, the quarter. Information collected during the investigation suggests that, prior to 2004, many such option grants were priced with the benefit of a "look back" at historical stock prices, with such "look backs" ranging up to several weeks.

Among other effects on the Company's financial results, the Restatement revealed that the Company's net loss for fiscal year 2005 was increased by $1,113,000, the Company's net income for fiscal year 2004 was decreased by $2,454,000, and the Company's retained earnings as of December 31, 2005 were decreased by $98,982,000.

11.   On November 7, 2007, the Parties and their counsel, lead plaintiffs' counsel in the Federal Action, as well as counsel for three of Defendants' insurers, took part in a mediation before Vice Chancellor Donald Parsons. On January 15, 2008, the participants met again to address issues of insurance contribution to a settlement. Following further discussions, on February 25, 2008, Plaintiffs made their final demand concerning the insurers' contribution to a settlement totaling $14 million. On February 26, 2008, Defendants advised their insurers that they believed that Plaintiffs' February 25 demand for a payment from the insurers was reasonable and requested that the insurers agree to the demand. However, Defendants' first excess insurer did not make available its full limits of liability which would have been necessary, in addition to a contribution by the second excess insurer, to satisfy Plaintiffs' demand of February 25, 2008.

12.   In light of the above, considering the circumstances of the litigation, and what they believed to be the first excess carrier's unreasonable refusal to make available its full limits of liability for a settlement, Defendants agreed to the settlement as described below.

## REASONS FOR THE SETTLEMENT

13.   Prior to and throughout the duration of the Action, Plaintiffs' counsel conducted an investigation into the substance of the claims asserted in the Action. This investigation included the review of over 11,000 pages of documents produced by Defendants, analysis of documents obtained through publicly available sources and analysis of applicable case law and other authorities. Based on this investigation, analysis of applicable law, the facts developed prior to and in discovery, and other events, Plaintiffs and their counsel have concluded that the terms and conditions of the Settlement are fair, reasonable, adequate, and in the best interests of Plaintiffs, the Company and the Class (as defined below).

14.   Plaintiffs have entered into the Settlement after taking into account, among other things, the substantial benefits to members of the Class and the Company from the Settlement, including the monetary consideration to be paid to the Company by EFI's primary director and officer liability insurer, Columbia, the cancellations, repayments, repricings and corporate governance changes, and the assignment of certain rights which the Individual Defendants have against their director and officer liability insurers (other than Columbia). In entering into the Settlement, Plaintiffs have also taken into account, among other things, the risks of continued litigation in this Action and in the Federal Action.

15.   Plaintiffs' counsel have concluded that the terms and conditions of the Settlement are fair, reasonable, adequate, and in the best interests of Plaintiffs, the Company and the Class. In entering into the Settlement, Defendants do not acknowledge that they engaged in any wrongdoing. Defendants have denied and continue to deny the allegations made in this Action and in the Federal Action, including the allegations that they deliberately manipulated EFI's stock option granting practices and that they knowingly misrepresented those option granting practices in EFI's proxy statements, Forms 10-K and other public statements, and their entering into the Settlement is not an admission of any such wrongdoing. Nevertheless, Defendants are mindful of the cost and difficulties inherent in continued litigation and they acknowledge the risk that they could be found liable in the Action or in the Federal Action and, as a result, have concluded that the Settlement is a fair and reasonable resolution.

## SUMMARY OF THE SETTLEMENT TERMS

16.   In consideration of the Settlement, the Parties agree that:

(a)   The Defendants shall certify to the Court that the following items have been satisfied or implemented, as the case may be:

1.   Guy Gecht and Fred Rosenzweig will return to the Company 150,000 and 125,000 of the options they hold, respectively, for cancellation. These options will be drawn pro rata from the 1999, 2001 and 2003 grants of options made to these individuals as follows: For Mr. Gecht, 54,772 options from the 1999 grant; 8,091 options from the 2001 grant; and 87,137 options from the 2003 grant. For Mr. Rosenzweig, 51,498 options from the 1999 grant; 3,277 options from the 2001 grant; and 70,225 options from the 2003 grant.

2.     Joseph Cutts will return all mispriced options that are vested and have not been exercised.

3.     (a)    Current Directors (including Messrs. Gassee and Unterberg, who recently left the Board) will (i) reprice the exercise price of all retained mispriced options to the exercise price those options should have carried originally had there been no mispricing, such price being determined by the Review Committee of the EFI Board; and (ii) to the extent they received and exercised mispriced options while in their current roles, will pay to EFI an amount equal to their profit gained (less taxes) as determined by the Review Committee of the Board of Directors (which gain may be paid by the return of outstanding options valued under the Black-Scholes or Hull-White valuation methodologies, and the specifics of such valuations shall be disclosed).

(b)    Section 16(b) officers will (i) reprice the exercise price of all retained mispriced options to the exercise price those options should have carried originally had there been no mispricing, such price being determined by the Review Committee of the EFI Board; and (ii) to the extent they received and exercised mispriced options while in their current roles, cancel an additional number of options with a value (determined under the Black-Scholes or Hull-White valuation methodologies, and the specifics of such valuations shall be disclosed) equal to their profit gained (less taxes) as determined by the Review Committee of the Board of Directors.

4.     Current vice presidents of EFI who were eligible to participate in the Tender Offer were permitted to do so.  Those current vice presidents who were not eligible to participate in the Tender Offer will: (i) voluntarily reprice the exercise price of their retained options to the exercise price those options should have carried originally had there been no mispricing, such price being determined by the Review Committee of the EFI Board; and (ii) to the extent they received and exercised mispriced options while in their current roles, will compensate EFI for their profit gained (less taxes) as determined by the Review Committee of the Board of Directors (which gain may be paid by the return of outstanding options valued under the Black-Scholes or Hull-White valuation methodologies, and the specifics of such valuations shall be disclosed).

5.     All other employees of EFI who received mispriced options subject to Internal Revenue Code §409A were permitted to participate in the Tender Offer.  Employees who tender their mispriced options will receive options carrying the exercise price those options should have carried had there been no mispricing.

6.     In November 2007, EFI proposed a new equity compensation plan to its shareholders that would replace all prior plans and provide 20.8% fewer shares available for future option grants than were then-outstanding under the old plans.  As disclosed in the Proxy Statement, Defendants offered this new plan for shareholder approval as a compromise for Plaintiffs' demand that stock remaining in the Company's option plans from the 2003, 2004 and 2006 authorizations of stock for the plans not be used for the exercise of non-mispriced options. The plan has been approved by EFI's shareholders.

7.     Defendants Gassee and Unterberg, who comprised EFI's Compensation Committee, agreed to leave the EFI Board and therefore did not stand for reelection in November 2007.  EFI is currently searching for suitable candidates to take their place on the Board and will consider, but is not bound to propose to shareholders, qualified candidates identified by Plaintiffs.

8.     In its recent filings with the Securities and Exchange Commission, EFI disclosed the steps it has taken to investigate and remediate the option mispricings.

9.     Future annual or refresher option grants will be made only on specific dates that will be publicly disclosed in advance and that will not fall within two weeks of a quarter end or earnings release.  EFI retains the option of specifying additional grant dates or modifying previously disclosed grant dates in the event of special circumstances as long as such additions and/or modifications are consistent with the above and with all applicable rules.   The Compensation Committee shall report to the Board as to whether future equity compensation will be in the form of restricted stock or options.

10.     EFI will request that its independent auditor audit its option granting activities and to assess, on at least an annual basis, whether EFI's accounting procedures for equity compensation have appropriate controls.

11.     EFI will adopt majority voting.

(b)    The Individual Defendants will cause EFI's primary director and officer liability insurer, Columbia, to pay to the Company the $5 million limit of liability available under the Policy, which payment shall be made to EFI within ten business days after the Order and Final Judgment becomes Final;

(c)    The Individual Defendants agree to contribute their rights to an additional $19 million in insurance proceeds (i.e., from insurers excess to Columbia) to be paid to the Company and which amount shall be reflected in the Judgment.  Plaintiffs' Counsel will be retained by the Company, on a contingency basis, to pursue enforcement of that Judgment as described in a separate agreement.  Plaintiffs and Defendants agree that said Judgment will not be enforced against the Defendants but instead will be enforced only against the Defendants' director and officer liability insurers other than Columbia;

4

(d)   Plaintiffs' claims asserted in this Action and the Federal Action on behalf of the Class against all Defendants and on behalf of EFI against the Individual Defendants shall be dismissed on the merits with prejudice against Plaintiffs, all members of the Class, EFI and its shareholders, without costs (except as provided herein with respect to attorneys' fees and expenses).

17.   The full terms of the Settlement are set forth in the Stipulation (see Scope of This Notice and Further Information, below).

### DISMISSAL AND RELEASE OF CLAIMS

18.   The Stipulation of Settlement (the "Stipulation") provides that upon final Court approval of the Settlement, and in consideration of the benefits provided by the Settlement:

(a)   All of the Settled Plaintiffs' Claims (as defined below) asserted in the Action on behalf of the Class and on behalf of EFI against the Individual Defendants shall be dismissed on the merits with prejudice against Plaintiffs, all members of the Class, EFI and its shareholders, without costs (except as provided herein with respect to attorneys' fees and expenses);

(b)   In addition to the foregoing, any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, issues and disputes – whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent -- that have been, could have been, or in the future can or might be asserted in the Action, the Federal Action, or in any court, tribunal or proceeding (including, but not limited to any claims arising under federal, state, foreign or common law, including the federal securities laws and state disclosure law), by or on behalf of Plaintiffs or any member of the Class or EFI, whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity (collectively, the "Releasing Persons") against Defendants or any other Released Persons,[2] which have arisen, could have arisen, or have arisen as of the date of the Stipulation or relate in any manner to the acts, events, facts, matters, transactions, occurrences, statements, representations, misrepresentations or omissions or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Action (the "Settled Plaintiffs' Claims"), shall be fully, finally and forever compromised, settled, released, extinguished and dismissed with prejudice, subject to the terms and conditions set forth herein; provided, however, that the Settled Plaintiffs' Claims shall not include any claims to enforce the Settlement or to enforce the Judgment;

(c)   Any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, issues and disputes – whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent -- that have been or in the future can or might be asserted in the Action, the Federal Action, or in any court, tribunal or proceeding, under the laws of any jurisdiction, by Defendants, whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity,[3] against Plaintiff[3] or the members of the Class which have arisen, could have arisen, or as of the date of the Stipulation arise out of or relate in any manner to Plaintiffs' filing, pursuit or settlement of the Action (but excluding any claims to enforce the terms of the Settlement) (the "Settled

---

[2]   "Released Persons" means Defendants or any of their families, parent entities, controlling persons, associates, affiliates or subsidiaries and each and all of their respective past, present or future officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors and assigns, whether or not served with process and whether or not such person appeared in the Action. Released Persons shall also include Columbia and its affiliates, parents, subsidiaries, predecessors, successors, agents, officers, directors, employees, attorneys, reinsurers, representatives and agents, heirs, beneficiaries, and assigns and any person acting on its behalf, but shall expressly exclude EFI's excess director and officer liability insurers (Liberty Mutual Insurance, Hudson Insurance, Old Republic Insurance Company and Zurich American Insurance Company) and  their affiliates, parents, subsidiaries, predecessors, successors, agents, officers, directors, employees, attorneys, reinsurers, representatives and agents, heirs, beneficiaries, and assigns and any person acting on their behalf.

[3]   For purposes of this subparagraph (c), the term "Plaintiffs" means Denver Employees Retirement Plan and City of Ann Arbor Employees' Retirement System or any of their associates or affiliates and each and all of their respective past, present or future officers, directors, principals, representatives, employees, families, attorneys, financial or investment advisors, insurers, co-insurers and re-insurers, consultants, accountants, commercial bankers, brokers, dealers, advisors or agents, heirs, executors, trustees, members, participants, beneficiaries, personal or legal representatives, estates, administrators, predecessors, successors and assigns, whether or not served with process and whether or not such person appeared in the Action.

Defendants' Claims"), shall be fully, finally and forever compromised, settled, released, extinguished and dismissed with prejudice, subject to the terms and conditions set forth herein.

(d)   The releases contemplated by the Stipulation extend to claims that Plaintiffs, on behalf of the Settlement Class, EFI and EFI stockholders, or Defendants, respectively, do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into the Stipulation and grant the release. Plaintiffs, each member of the Class, EFI and EFI stockholders, and Defendants, respectively, shall be deemed to waive any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of unknown claims. Plaintiffs, on behalf of the Settlement Class, EFI and its stockholders, and Defendants, respectively, shall be deemed to relinquish, to the full extent permitted by law, the provision, rights and benefits of § 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In addition, Plaintiffs, on behalf of the Class, EFI and EFI stockholders, and Defendants, respectively, also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, as against each other. The parties do not concede, however, that any law, other than the law of the State of Delaware, is applicable to the Settlement of the Settled Plaintiffs' Claims and the Settled Defendants' Claims. Plaintiffs, on behalf of the Class, EFI and EFI stockholders, and Defendants acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the releases contemplated by the Stipulation but that it is Plaintiffs' intention, on behalf of the Class, EFI and EFI stockholders, and Defendants' intention to fully, finally and forever settle and release any and all Settled Plaintiffs' Claims and Settled Defendants' Claims, respectively, known or unknown, suspected or unsuspected, which now exist, or heretofore existed and without regard to the subsequent discovery or existence of such additional or different facts.

## THE APPLICATION FOR ATTORNEY'S FEES AND EXPENSES

19.   At or before the Final Approval Hearing Plaintiffs intend to submit an application to the Court on behalf of Plaintiffs' Counsel for an award of attorneys' fees and expenses not exceeding $2,961,244.38 in fees and $115,171.42 in expenses (the "Fee Application"). Defendants shall not oppose the Fee Application. Any award of fees and expenses approved by the Court pursuant to the Fee Application (the "Fee Award") shall be payable to Plaintiffs' Counsel, Grant & Eisenhofer P.A., by EFI within ten (10) business days after such Fee Award becomes Final, whether it be by being affirmed on appeal, should an appeal of the Fee Award be filed, or by a lapse of time to file such appeal.

20.   Except as provided for in paragraph 30 of the Stipulation (providing that EFI will bear the costs associated with preparation and mailing of this Notice to shareholders and Class members) and paragraph 19 above, Defendants and the Released Persons shall bear no other expenses, costs, damages or fees incurred by Plaintiffs or any member of the Class, or by any attorney, expert, adviser, agent or representative of the foregoing persons in the Action or in the Federal Action. Defendants reserve the right to oppose any application made to the Court or any other court or tribunal in any jurisdiction to recover any such additional amounts. Defendants and the Released Persons shall have no responsibility for or liability with respect to the allocation among any counsel for any plaintiff of the award of fees and costs that the Court may make and Defendants and the Released Persons take no position with respect to such matters.

## RIGHT TO APPEAR AND OBJECT

21.   Any member of the Class who objects to the certification of the class for purposes of settlement, and any member of the Class or EFI stockholder who objects to the Settlement of Plaintiffs' Claims in the Action, the Judgment to be entered in the Action, and/or Plaintiffs' Counsel's application for fees and expenses, or otherwise wishes to be heard, may appear personally or by counsel at the Final Approval Hearing and present evidence or argument that may be proper and relevant; provided, however, that no member of the Class or EFI stockholder may be heard and no papers or briefs submitted by or on behalf any member of the Class or EFI stockholder shall be received and considered, except by Order of the Court for good cause shown, unless, no later than August 18, 2008, copies of (a) a written notice of intention to appear, identifying the name, address, and telephone number of the objector and, if represented, their counsel; (b) a written detailed statement of such person's specific objections to any matter before the Court; (c) a written statement certifying that the objector is either a member of the Settlement Class or a current EFI stockholder, together with a listing of all transactions in EFI common stock during the Class Period; (d) the grounds for such objections and any reasons for such person's desiring to appear and be heard; and (e) all documents and writings such person desires this Court to consider, shall be served facsimile or by hand or overnight mail upon the following counsel:

<table>
<tr><td>

**Counsel for Plaintiffs:**

Cynthia A. Calder, Esquire
GRANT & EISENHOFER, P.A.
Chase Manhattan Centre
1201 N. Market Street, Suite 2100
Wilmington, Delaware  19801
Tel.: (302) 622-7000
Fax: (302) 622-7100

</td><td>

**Counsel for Defendants:**

Ignacio E. Salceda, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel.: (650) 493-9300
Fax: (650) 493-6811

</td></tr>
</table>

and then filed with the Register in Chancery, New Castle County Courthouse, 500 North King Street, Wilmington, Delaware 19801. Unless the Court otherwise directs, no member of the Class or EFI stockholder shall be entitled to object to the Settlement or to the judgment to be entered in the Action, or to the award of attorneys' fees and expenses to Plaintiff's Counsel, or otherwise to be heard, except by serving and filing written objections as described above. Any person who fails to object in the manner provided above shall be deemed to have waived his, her or its objection and shall forever be barred from making any such objection in this Action or in any other action or proceeding.

## THE ORDER AND FINAL JUDGMENT OF THE COURT

22.  If the Court determines that the Settlement, as provided for in the Stipulation, is fair, reasonable, adequate and in the best interests of the Class and the Company, the parties to the Action will ask the Court to enter an Order and Final Judgment, which will, among other things:

    (a)  Approve the Settlement as fair, reasonable, adequate and in the best interests of the Class and the Company, and direct consummation of the Settlement in accordance with its terms and conditions;

    (b)  Finally certify the Class pursuant to Court of Chancery Rules 23(a), 23(b)(1) and 23(b)(2);

    (c)  Dismiss Plaintiffs' claims with prejudice as against the Defendants;

    (d)  Permanently bar and enjoin the members of the Class and EFI stockholders from instituting, commencing, prosecuting, participating in or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly, representatively, derivatively or in any other capacity, asserting any claims that are, arise out of, or in any way relate to, Settled Plaintiffs' Claims as defined in the Stipulation; and

    (e)  Retain jurisdiction over all matters relating to the administration and consummation of the Settlement provided for herein.

23.  In the event the Settlement is not approved, or such approval does not become final then the Settlement shall be of no further force and effect, and each party then shall be returned to his, her or its respective position prior to the Settlement without prejudice and as if the Settlement had not been entered into.

## SCOPE OF THIS NOTICE AND FURTHER INFORMATION

24.  The foregoing description of the Final Settlement Hearing, the Action, the terms of the proposed Settlement and other matters described herein does not purport to be comprehensive. Accordingly, members of the Class and EFI stockholders are referred to the documents filed with the Court in the Action. You or your attorney may examine the documents filed in the Action during regular business hours on any business day at the office of the Register in Chancery, Delaware Court of Chancery, New Castle County Courthouse, 500 North King Street, Wilmington, Delaware 19801. If you would like further information, you may contact the following Plaintiffs' Counsel as follows:

Cynthia A. Calder, Esquire
GRANT & EISENHOFER, P.A.
Chase Manhattan Centre
1201 N. Market Street, Suite 2100
Wilmington, Delaware  19801
Tel.: (302) 622-7000
Fax: (302) 622-7100

## PLEASE DO NOT WRITE OR CALL THE COURT.

Dated:  Wilmington, Delaware
       June 26, 2008             BY ORDER OF THE COURT:


/s/ Patricia G. Randolph

Chief Register in Chancery

7